709 A.2d 1301

**EDGEWATER LIQUORS, INC., et al.**

**v.**

**Agnes T. LISTON et al.**

**No. 102, Sept. Term, 1997.**

Court of Appeals of Maryland.

May 22, 1998.

Jonathan A. Hodgson (Hyatt, Peters & Weber, P.A., Annapolis), on brief, for appellants.

Linda C. Carter (Douglas C. Meister, Meyers, Billingsley, Rodbell & Rosenbaum, P.A., Riverdale), on brief, for appellees.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASNOW, RAKER, WILNER and CATHELL, JJ.

CATHELL, Judge.

In this opinion, we address whether, pursuant to Maryland Code (1957, 1998 Repl.Vol.), Art. 2B, § 16–101(b)(1)(i), persons who are already holders of existing alcoholic beverage licenses may seek judicial review [1] of a local licensing board's decision to grant a new alcoholic beverage license to a previously unlicensed applicant. Judge Robert Heller of the Circuit Court for Anne Arundel County correctly found that such persons lacked standing to appeal under section 16–101(b)(1)(i) of Article 2B. We shall affirm.

## I.

Agnes T. Liston, Valerie C. McCool, and Lenny M. Holland, collectively appellees, applied for a Class A and Sunday alcoholic beverage license on behalf of Colony Liquors, Inc., trading as Colony Liquors, to operate a package goods store in Anne Arundel County. The application was heard by the Board of License Commissioners of Anne Arundel County (the

---

1. The initial step for a party displeased with an administrative determination is to seek judicial review of the agency's actions in the circuit court pursuant to Maryland Rules 7–201 *et seq.* Technically, this step constitutes an original action. Thereafter, further proceedings seeking a review of the circuit court actions are appeals. Article 2B, section 16–101(a) and (b) uses the word appeal for the initial step seeking judicial review. We will sometimes use the words judicial review and appeal interchangeably when describing the action at the circuit court level. We shall also refer to the parties as appellants and appellees throughout.

Board) on August 27, 1996. During that hearing, five individuals, all holders of other alcoholic beverage licenses, and the corporations on whose behalf they held such licenses, collectively appellants, participated either in person or by counsel at the hearing in opposition to the granting of the license at issue.

On August 28, 1996, the Board approved the issuance of a Class A Beer, Wine and Liquor License to appellees. On September 24, 1996, appellants filed a Petition for Judicial Review in the Circuit Court for Anne Arundel County. Appellees, asserting that appellants lacked standing to seek that review, moved to dismiss the petition. On May 15, 1997, the circuit court granted the motion to dismiss. Appellants appealed to the Court of Special Appeals. We granted a writ of certiorari prior to argument in that court.

We hold that Maryland Code (1957, 1998 Repl.Vol.), Art. 2B, § 16–101(b)(1)(i), grants a licensee the right to seek judicial review of a decision of a local licensing board only if that licensee's license was the license acted upon by the board.

## II.

Maryland Code (1957, 1998 Repl.Vol.), Art. 2B, § 16–101 is the applicable statutory provision authorizing appeals from local licensing board decisions. It states in relevant part:

(a) *Generally.*—The decision of a local licensing board, in approving, suspending, revoking and restricting, or refusing to approve, suspend, revoke or restrict any license, or licensee, shall be subject to appeal in the manner provided in this section.

(b) *Who may appeal.*—(1)(i) Except in Howard County, any licensee or applicant for a license, or any group of not less than 10 persons who are residents or real estate owners in the precinct or voting district in which the licensed place of business is located or proposed to be located, may appeal therefrom to the circuit court of the county upon payment of all costs incident to the hearing before the local licensing board.

The term licensee is defined in section 1–102(a)(15)(i) of Article 2B as "the holder of any license or permit, issued under the provisions of this article or of any other law of this State, and includes a county liquor control board and a county dispensary."

Appellants, who have been granted alcoholic beverage licenses by the Board of License Commissioners of Anne Arundel County for establishments other than the one at issue in the instant case, assert they are licensees as defined in section 1–102(a)(15) and therefore are licensees for purposes of section 16–101(b)(1)(i). They argue that as licensees, they are entitled to seek review of the decision of the Board pursuant to section 16–101(b)(1)(i). Appellants further contend that this Court should give the term "any licensee" its "natural and ordinary meaning" and uphold the right of any licensee, licensed for any purpose, whether licensed by a local licensing board or some other governmental entity, to seek judicial review in the circuit court of a decision of a local liquor licensing board even when the appealing licensee was not the licensee whose license was the subject of the local board's decision.

Appellees, on the other hand, assert section 16–101(b)(1)(i) should be read in conjunction with subsection (a). They argue that when the two provisions are read together, the term "any licensee" refers to the licensee whose license was acted upon in some way by a local licensing board. Accordingly, they conclude that appellants, whose alcoholic beverage licenses were not the subject of the Board hearing in that their licenses were not suspended, revoked, or restricted, or otherwise the subject of the proceeding, have no standing to seek such review.

### III.

Our task in the instant case involves statutory construction. "In construing the meaning of a word in a statute, the cardinal rule is to ascertain and carry out the real legislative intention." *Tucker v. Fireman's Fund Ins. Co.*, 308 Md.

69, 73, 517 A.2d 730, 731 (1986); *see also Marriott Employees Fed. Credit Union v. Motor Vehicle Admin.*, 346 Md. 437, 444, 697 A.2d 455, 458 (1997)(citing *State v. Pagano*, 341 Md. 129, 133, 669 A.2d 1339, 1340 (1996)); *Romm v. Flax*, 340 Md. 690, 693, 668 A.2d 1, 2 (1995)(quoting *Tucker*, 308 Md. at 73, 517 A.2d at 731). Legislative intent generally is derived from the words of the statute at issue. *Marriott*, 346 Md. at 444–45, 697 A.2d at 458; *Romm*, 340 Md. at 693, 668 A.2d at 2; *Tucker*, 308 Md. at 73, 517 A.2d at 731. "We are not constrained, however, by ... 'the literal or usual meaning' of the terms at issue." *Romm*, 340 Md. at 693, 668 A.2d at 2. "Furthermore, we do not read statutory language 'in isolation or out of context [but construe it] in light of the legislature's general purpose and in the context of the statute as a whole.'" *Frost v. State*, 336 Md. 125, 138, 647 A.2d 106, 112 (1994) (quoting *Forbes v. Harleysville Mut. Ins. Co.*, 322 Md. 689, 696–97, 589 A.2d 944, 948 (1991)); *see also Kaczorowski v. Mayor of Baltimore*, 309 Md. 505, 514, 525 A.2d 628, 632 (1987) ("The 'meaning of the plainest language' is controlled by the context in which it appears.").

In analyzing a statute, we approach statutory construction from a common sense perspective. *Marriott*, 346 Md. at 445, 697 A.2d at 459; *Frost*, 336 Md. at 137, 647 A.2d at 112. Accordingly, we avoid construing a statute so as to lead to results that are unreasonable, illogical, or inconsistent with common sense. *Marriott*, 346 Md. at 445, 697 A.2d at 459; *Frost*, 336 Md. at 137, 647 A.2d at 112; *Holman v. Kelly Catering*, 334 Md. 480, 487, 639 A.2d 701, 705 (1994); *Kaczorowski*, 309 Md. at 516, 525 A.2d at 633.

The parties present two different interpretations of sections 16–101(a) and (b). The first interpretation, as urged by appellants, is that any licensee or any applicant for a license may appeal a decision of a local licensing board. The second, advocated by appellees, is that a licensee may seek judicial review of a board decision only when that decision involves the license held by the licensee.

When read in isolation, it can be argued that section 16–101(b)(1)(i) might permit "any licensee," as licensee is defined in section 1–102(a)(15)(i), to appeal a decision of a local licensing board. Section 16–101(b)(1)(i), however, must be read in the context of section 16–101(a). That preceding subsection describes the types of decisions from which an appeal may be taken. An appeal may be taken from a decision "approving, suspending, revoking and restricting . . . any license, or licensee." An appeal may also be taken from a decision "refusing to approve, suspend, revoke or restrict any license, or licensee." Art. 2B, § 16–101(a).

Section 16–101(b)(1)(i) then specifies the classes of individuals who may appeal the decision of a local licensing board. It states that "any licensee or applicant for a license, or any group of not less than 10 persons who are residents or real estate owners in the precinct or voting district in which the licensed place of business is located or proposed to be located" may appeal a decision of the board. From the language of this section, it is evident that there are two main groups of individuals who may seek judicial review of a local licensing board decision. The first group is comprised of licensees and applicants. The second group is comprised of residents or real estate owners in the respective precinct or voting district in which the licensed establishment is located. It is the first group that concerns us in this case.

The grouping of the term "licensee" with the term "applicant" in section 16–101(b)(1)(i) is instructive as to the person or persons who have the right to appeal a decision of a local licensing board. We believe that by grouping the term "applicant" with "licensee," the legislature intended to limit the types of licensees who had the right to appeal a decision of the board to those whose license or application for a license was the subject of local liquor board action. Thus, in light of the legislative intent, which we shall discuss further *infra,* we conclude that the legislature intended some direct nexus between the licensee appealing the decision of a local licensing board and the license acted upon by the board. Stated another way, the term licensee, as utilized in section 16–

101(b)(1)(i), refers to the licensee who was the subject of board action or the licensee whose license was suspended, revoked, or restricted during the hearing from which a judicial review is sought.

Our interpretation of licensee as utilized in section 16–101(a) is consistent with the legislative intent of section 16–101. In *Brashears v. Lindenbaum,* 189 Md. 619, 56 A.2d 844 (1948), we examined a predecessor of current section 16–101 to determine whether an appeal brought by ten individuals and a Board of Education should have been dismissed. Examining the statute, we noted its legislative intent: "A reading of these provisions indicates a clear legislative intention to restrict the right of appeal at every stage." *Id.* at 626, 56 A.2d at 848.

Although we noted recently in *Hollywood Productions,* 344 Md. 2, 684 A.2d 837, that the predecessor to Maryland 16–101 had been amended to confer broad rights of appeal from the circuit court to the Court of Special Appeals, the statute was not amended as to the persons who may appeal a decision of the local licensing board to the circuit court. Sections 16–101(a) and (b) remain relatively unchanged following the 1992 amendments. Accordingly, with regard to those sections, we believe that the continued legislative intent is to limit the types of individuals who may appeal decisions of the local licensing boards to the circuit courts.

According to appellants, any individual or entity licensed in Maryland, whether licensed by a local licensing board or some other governmental entity, would have standing to appeal a decision of a local liquor licensing board. At oral argument, the Court asked appellants' counsel whether, under appellants' interpretation of the statute, the following entities or individuals would have standing to appeal to the Circuit Court of Anne Arundel County the decision by the Board: a liquor license holder in Garrett or Worcester Counties, an individual licensed to rent beach umbrellas in Ocean City, or the holder of a driver's license in Prince George's County. In each instance, appellants' counsel responded affirmatively. We believe an interpretation of section 16–101(b)(1)(i) conferring the

right to appeal to any licensee in the State of Maryland, as appellants would seek to construe the statute, leads to a result that is unquestionably unreasonable, illogical, inconsistent with common sense, and absurd. Furthermore, such an interpretation of the statute would be contrary to the intent of the legislature to limit the right of appeal from a local liquor licensing board's decision.

We therefore hold that the term "licensee," as utilized in section 16–101(b)(1)(i), refers to the person whose license was involved in a local licensing board's decision from which judicial review in the circuit court is sought. Such an interpretation comports with the context of the statute and the legislative intent.

█ None of the appellants, each of whom hold alcoholic beverage licenses granted by the Board, were the individuals whose license was acted upon by the Board. Accordingly, none are licensees entitled to appeal the decision of the Board to the Circuit Court for Anne Arundel County.

**JUDGMENT AFFIRMED; APPELLANTS TO PAY COSTS.**