REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1522

September Term, 2015

_____

HITESHBHAI PATEL

v.

BOARD OF LICENSE COMMISSIONERS
FOR SOMERSET COUNTY

_____

Woodward,
Graeff,
Thieme, Raymond G., Jr.
  (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Graeff, J.

_____

Filed:  September 29, 2016

This case addresses the circumstances under which a person who holds a license to sell alcoholic beverages is deemed to be "aggrieved" by, and thereby have standing to challenge, a decision of a board of license commissioners to issue an alcoholic beverages license to a nearby business. Hiteshbhai Patel, appellant, holds a Class A beer and wine license for the use of Omkara, Inc., t/a Big Willey's ("Big Willey's"), a convenience store in Crisfield, Maryland.[1] He sought judicial review of the December 29, 2011, decision of the Board of License Commissioners for Somerset County (the "Board"), appellee, to issue the same type of license to Azaz Azam and another person for the use of Somers Cove Market, Inc. ("Somers Cove"), a nearby convenience store in Crisfield.

The circuit court dismissed Mr. Patel's petition for judicial review, finding that Mr. Patel did not have standing to challenge the Board's issuance of the license to Somers Cove because he presented no evidence of a specific economic injury, and therefore, he was not aggrieved. The court then denied Mr. Patel's motion for reconsideration.

On appeal, Mr. Patel presents the following two questions for our review, which we have rephrased slightly:

> 1. Did the circuit court commit an error of law by dismissing Mr. Patel's petition on the ground that he did not have standing to challenge the Board's decision?
>
> 2. Did the circuit court abuse its discretion in declining to reconsider its dismissal of Mr. Patel's petition after Mr. Patel presented evidence

---

[1] A Class A beer and light wine license permits licensees to "keep for sale and sell light wines at retail, in any quantity to any consumers, at the place described in the license," but the beverages must be delivered "in a sealed package or container, which package or container may not be opened nor its contents consumed on the premises where sold." Md. Code (2011 Repl. Vol.) Art. 2B § 5-101(a)(1). Counsel for Mr. Patel states that such stores are often referred to as "package stores," such as a 7-11 store selling beer and wine.

that his sales had declined significantly following the Board's issuance of the liquor license to Somers Cove?

For the reasons set forth below, we answer the first question in the affirmative, and therefore, we shall vacate the judgment of the circuit court and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 20, 2012, Mr. Patel filed a Petition for Judicial Review in the Circuit Court for Somerset County, arguing that the Board's decision granting the license to Somers Cove should be reversed. He asserted that, through his attorney, he had opposed the issuance of the license at the hearing before the Board, and therefore, he had standing to appeal. He argued that he was aggrieved by the order granting the license, noting the "absence of sufficient evidence that such a license was authorized under Article 2B, Section 9-220 or that the application and the procedure followed by the [B]oard and the applicant complied with Titles 9 and 10 of Article 2B, Annotated Code of Maryland."[2]

The court held a hearing on April 5, 2013. Given the Board's concession that the record supplied was "not much," the court decided to "remand this matter for a rehearing."[3]

On April 10, 2013, the court issued an order remanding the matter to the Board "for the purposes of conducting a new hearing and preparing an adequate record upon which

---

[2] On appeal, Mr. Patel states that his challenge involved: (1) whether the license was at least 300 feet from a church; and (2) whether the Board complied with all the procedural requirements for the issuance of an alcoholic beverage license.

[3] The Board advised that it could not find one of the tape recordings of the proceedings. It stated that the tape of the Board's proceedings had been in the custody of the Board's secretary, who had been involved in a serious car accident.

this [c]ourt may decide this matter." The court noted that the record that had been transmitted failed "to contain sufficient information upon which to determine whether the alcoholic beverage license was properly issued." The Board proceedings were to be conducted *de novo*, but upon completion of the second hearing, the matter was to resume before the circuit court "as if the new record to be filed were the original record." The Board was directed to file a new transcript and record "within 60 days of the date of the hearing."

The Board considered the issuance of a liquor license to Mr. Azam on August 21, 2013, and September 18, 2013. In subsequently issuing its decision, the Board noted that the "issue before the Board concerns the 300 foot setback from the church property." Finding that the distance between the church and the market was 305 feet, the Board determined "that there was no reason to deny a license for the use of Somers Cove" and the alcoholic beverage license issued to Somers Cove was valid.

On December 31, 2014, Mr. Patel filed a memorandum of law in support of his petition for judicial review. He asserted that the Board erred in approving the license because, among other reasons: (1) Somers Cove was within 300 feet of a church; (2) legislation enacted in 2013 did not authorize the issuance of a license to Somers Cove despite its proximity to a church; (3) the Board failed to consider the effect of the issuance of the license on existing licenses; and (4) issuing the license was against the public interest.

Mr. Patel also asserted that the Board's issuance of a license to Somers Cove should be summarily reversed due to its failure to include Mr. Patel's evidence in the record.[4]

On April 24, 2015, after a hearing, the circuit court issued an order stating that it was "impracticable to determine the questions presented to it, without additional evidence." The court directed the parties to present evidence at a subsequent hearing on several questions, including whether Mr. Patel had standing to challenge the decision of the Board or whether that "procedural hurdle" had been waived.

Mr. Patel and Mr. Azam filed supplemental memoranda in response to the court's order. With respect to standing, Mr. Patel cited Maryland Code (2011 Repl. Vol.), Art. 2B § 16-101(b)(1)(i), which provides that "[a]ny alcoholic beverages licensee that holds a license issued by the local licensing board" may appeal a decision of the Board to the circuit court. Mr. Azam did not address the standing issue, addressing instead issues relating to the merits of the Board's decision, including: (1) whether the 300-foot requirement applied; and (2) whether the record was sufficient to demonstrate that the Board considered the public interest. The Board did not file a memorandum.

---

[4] In this regard, Mr. Patel stated that the record filed by the Board "left out virtually all of the documentary evidence offered by [Mr. Patel] in opposition," and instead, the Board had "kept all of the documents supporting their decision and appear to have not only disregarded, but to have discarded the evidence offered by" Mr. Patel. Accordingly, Mr. Patel filed an appendix to his memorandum, which "contain[ed] all of the documents that the Board . . . omitted from the Record." Included in those materials were documents reflecting that, in 2013, a total of 40 general alcoholic beverage licenses had been issued by the Board, of which 16 were issued to businesses located in Crisfield. Of the 16 licenses in Crisfield, six were Class A licenses for retail establishments, including Big Willey's and Somers Cove.

4

On July 30, 2015, the court held a hearing. At the start of the hearing, Mr. Patel's counsel stated that he would be calling two witnesses on the issue of standing. Counsel for the Board responded:

> Your Honor, before we [get] to that on the standing issue I think we might not even have to go there quite frankly. My research and what [counsel for Mr. Patel] has said on the standing issue and after discussions with Co-counsel, not to give anything away, but I tend to agree. You know, [the cases cited by Mr. Patel] I think are pretty good, but if he wants to go ahead put the testimony on we'll let him do that, but, you know, I couldn't find anything contrary to the case that [counsel for Mr. Patel] found.

Mr. Patel then presented the testimony of Dale McGinnis, Clerk for the Board. Ms. McGinnis testified that Mr. Patel held an alcoholic beverage license in Somerset County. His initial license was issued on May 1, 2007, and a new license had been issued each subsequent year through 2015. Mr. Patel testified that he held an alcoholic beverage license since 2007, and he had appeared, "either personally or through [a]ttorneys," at all of the hearings held by the Board regarding whether Mr. Azam should be issued a license. Mr. Patel opposed the issuance of a license to Mr. Azam, stating that his business was "within a mile or two miles" of Somerset Cove.

Counsel then presented argument. With respect to the standing issue, counsel for Mr. Patel noted that the Board had conceded that Mr. Patel had standing. The court, however, noted the statutory requirement that a person appealing the Board's decision must be aggrieved by the decision. In that regard, the court asked whether there had been "any evidence or testimony that [Mr. Patel] was aggrieved." Counsel responded that Mr. Patel was "another alcoholic beverage licensee that does not wish to have competition." Counsel stated that "one of the duties that the Board has in determining to issue a license is"

5

determining the "impact it's going to have on other licensees in the community."  He argued that Mr. Patel was aggrieved in having a second licensee in the same geographical area, which "absolutely affected his business."  Counsel pointed out that there "is a large population in the Crisfield Housing Authority that seeks to purchase alcoholic beverages," and prior to the issuance of a license to Somers Cove, Mr. Patel's business was the closest license holder to that population.

In response, counsel for the Board stated that Mr. Patel's position on standing was correct, but in response to the court's question, "there has been [no] evidence presented by Mr. Patel that he was in any way harmed by the opening of Somers Cove market or the granting of the liquor license. . . . [N]o testimony at all that anybody had been aggrieved." He noted that Mr. Patel's "main reason" for opposing the license to Somers Cove was that he did not "want any other competition," but "it's up to the Board in their discretion to give these licenses. . . . And obviously the Board did not hear anything at that hearing to make them deny the license."  Counsel for the Board stated that "all these years later it still boils down to the original issues as to the distance involved.  And clearly I think that issue has been settled."

Counsel for Mr. Patel replied that the petition for judicial review addressed not just the 300 foot distance requirement, but also that the procedure followed by the Board did not comply with the law.  With respect to the court's question regarding whether Mr. Patel was aggrieved, counsel stated:  "First of all aggrieved does not mean damaged.  Aggrieved mean[s] dissatisfied with, unhappy with the decision of something."

6

On August 12, 2015, the circuit court issued a memorandum opinion addressing whether Mr. Patel had standing to challenge the Board's issuance of the liquor license to Somers Cove under Art. 2B, § 16-101. The court focused on whether there was sufficient evidence that Mr. Patel had been "aggrieved" by the Board's decision. Concluding that Mr. Patel was not aggrieved, and therefore, he did not have standing to appeal, the court stated:

> [T]he current case law does not clearly state the criteria that a third party licensee must meet in order to be aggrieved. . . . *Black's Law Dictionary* . . . defined an aggrieved party as a "party whose personal pecuniary, or property rights have been adversely affected by another person's actions or by a court's decree or judgment.". . . Accordingly, the [c]ourt finds, as a matter of law, that in order to be aggrieved, under [Art. 2B § 16-101], and, therefore, have standing to challenge the decision of the Board, a licensee must demonstrate a specific injury to the licensee's pecuniary interest or property rights.

The court compared the situation in this case with "similar, yet distinguishable, situations involving real property." It stated that, "in zoning and land use cases," "any third party who owns property within two hundred (200) to one thousand (1000) feet of a re-zoned property is deemed to be *prima facially* aggrieved" by a zoning decision, but "all other third party property owners are deemed to own property that is far removed, and these third party property owners must demonstrate an injury to their personal property rights." Analogizing the principles set forth in those cases to the present case, the court stated:

> Petitioner's package store is over one mile from the location of the package store operated by Azaz Azam; the individual whose liquor license Petitioner is attempting to challenge. By way of analogy, since Petitioner would normally have to prove some kind of specific injury in order to have standing in a zoning case, Petitioner certainly needs to prove some kind of specific injury to have standing in this case.

7

Additionally, the [c]ourt also notes that in the statute protecting a property owner's rights to merchantable timber also uses the term aggrieved in [a] manner synonymous with a specific economic injury. "Any person . . . who . . . wrongfully . . . enters upon lands . . . of another . . . in order to . . . destroy . . . any merchantable . . . timber on the land is liable to the party injured or aggrieved in an amount triple the value of the trees . . . destroyed, plus . . . costs[.]" [Md. Code (2012 Repl. Vol.) § 5-409(a) of the Natural Resources Article]. Accordingly, it appears that, generally speaking, parties initiating litigation involving State regulation or protection of land, be it to use real property to sell liquor, to be zoned commercial or non-commercial, or to grow merchantable timber, must demonstrate a specific economic injury in order to be considered aggrieved.

Finally, the General Assembly's broadening of the concept of standing in its environmental permitting legislation, further bolsters the [c]ourt's finding that, in order to be aggrieved, a party must suffer a specific injury to that party's pecuniary interest or property rights. In 2009, the General Assembly passed legislation that granted standing to challenge a permitting decision of the Maryland Department of the [E]nvironment [("MDE")] to 'any person that: (i) Meets the threshold standing requirements under federal law; and (ii) 1. Is the applicant; or 2. Participated in a public participation process[.]" [Md. Code (2013 Repl. Vol.) § 5-204 of the Environment Article]. "Prior to this enactment, standing to challenge permitting decisions by the [MDE] was limited to a person who was 'aggrieved' by the agency's action, namely 'one whose personal or property rights [were] adversely affected by the decision.'" . . . Accordingly, if the General Assembly had intended to expand standing to challenge a decision of a local licensing board to members of the public that had not suffered a specific injury to his or her pecuniary interest or property rights, then the General Assembly would have removed the section requiring that a protestant be aggrieved by the local licensing board's decision.

The court noted that it had specifically asked counsel for Mr. Patel "to state where in the record Petitioner demonstrated that [he] had been aggrieved." The court continued:

Petitioner's counsel indicated a number of plausible explanations for how Petitioner's rights were harmed including: the possibility that if the Board issued too many liquor licenses it could inadvertently saturate the market to the detriment of all current licensees. Nevertheless, Petitioner has not provided, in the record before this [c]ourt, any evidence to indicate that this plausible scenario has actually come to pass. Furthermore, Petitioner has not provided evidence, of any kind, to indicate that Petitioner has suffered other

8

economic injury. Accordingly, the [c]ourt finds, in light of the fact that Petitioner has not offered any actual evidence to indicate an injury, that no reasoning mind could have reached the conclusion that Petitioner has demonstrated a specific injury to Petitioner's pecuniary interest or property rights, and that, therefore, Petitioner does not have standing to challenge the decision of the Board.

On September 11, 2015, Mr. Patel filed a Motion to Reconsider, asking the court to reconsider its decision for three reasons: (1) the Board conceded that he had standing to appeal and he had no notice that the court was considering "grafting a financial requirement onto the statutory requirements for standing," so he did not present any such evidence; (2) the court erred as a matter of law in concluding that, to be "aggrieved," a petitioner must demonstrate actual financial harm; and (3) even if actual economic damages must be shown to establish standing, his tax returns, submitted with the motion, clearly demonstrated that his business "suffered substantially following" the issuance of a liquor license to Somers Cove.[5] The court denied the motion, and appellant filed his appeal to this Court.

## STANDARD OF REVIEW

As this Court recently explained in *State v. Phillips*, 210 Md. App. 239, 257 (2013), "'standing is a threshold issue; a party may proceed only if [he or she] demonstrates that he has a real and justiciable interest that is capable of being resolved through litigation.'" (quoting *Norman v. Borison*, 192 Md. App. 405, 420 (2010)). "A party's standing to appeal either to this Court or to a circuit court from the decision of [an administrative agency] is

---

[5] Mr. Patel provided documentation indicating that gross sales for his business fell approximately 40% following the issuance of a license to Somers Cove, from approximately $900,000 annually to approximately $500,000.

a question of law, which we decide *de novo*." *Superior Outdoor Signs, Inc. v. Eller Media Co.*, 150 Md. App. 479, 494 (2003).

## DISCUSSION

Mr. Patel contends that the circuit court, in requiring him to show "actual pecuniary loss" to establish standing to appeal, applied "an incorrect legal standard." He argues that alcoholic beverage licensees are "presumptively aggrieved" by the issuance of an alcoholic beverage license to a nearby competitor. He asserts that the record here shows that he was "aggrieved" and had standing to challenge the Board's decision, and the circuit court erred in dismissing his petition for judicial review without reaching the merits of the appeal.

The Board did not file a brief or participate in the proceedings in this Court.[6]

Article 2B § 16-101(b)(1) addresses who is authorized to appeal "a decision of a local licensing board to the circuit court of the county." The statute lists the following three categories of persons authorized to appeal:

> (i) Any alcoholic beverages licensee that holds a license issued by the local licensing board;
> (ii) An applicant for an alcoholic beverages license that is the subject of the decision by the local licensing board; and
> (iii) Any group of not less than 10 persons who are residents or real estate owners in the precinct or voting district in which the licensed place of business is located or proposed to be located.

There is no question that Mr. Patel qualifies under the first category; he is a person who holds an alcoholic beverages license issued by the Board. The statute, however, sets

---

[6] As noted, the Board conceded in the circuit court that Mr. Patel had standing.

10

forth two additional requirements to be entitled to appeal. The person appealing must pay to the Board an appeal fee, and, as relevant to this case:

> (3) A licensee . . . that appeals a decision of a local licensing board under paragraph (1) of this subsection, must be aggrieved by the decision of the board and must have appeared at the hearing of the board either in person, by a representative, or by the submission of a written document that was introduced at the hearing.

Here, the only issue presented on appeal is whether Mr. Patel satisfied the requirement that he was "aggrieved" by the Board's decision. In addressing this issue, we apply well-settled rules of statutory construction:

> "When interpreting statutes, we seek to ascertain and implement the will of the Legislature. *Williams v. Peninsula Reg'l Med. Ctr.*, 440 Md. 573, 580 (2014); *Johnson v. Mayor & City Council of Baltimore City*, 387 Md. 1, 11 (2005); *Witte v. Azarian*, 369 Md. 518, 525 (2002). Our first step toward that goal is to examine the text. 'If the language of the statute is unambiguous and clearly consistent with the statute's apparent purpose, our inquiry as to legislative intent ends ordinarily and we apply the statute as written, without resort to other rules of construction.' *Lockshin v. Semsker*, 412 Md. 257, 275 (2010). If ambiguities are found, other indicia of legislative intent are consulted, including the relevant statute's legislative history, the context of the statute within the broader legislative scheme, and the relative rationality of competing constructions. *Witte*, 369 Md. at 525-26.

*Old Republic Ins. Co. v. Gordon*, 228 Md. App. 1, 15-16 (2016) (quoting *Harrison-Solomon v. State*, 442 Md. 254, 265-66 (2015)) (parallel citations omitted). Even in the case of unambiguous language, however, because our goal is to determine the legislative intent, this Court may look to the legislative history "'to ratify that our conclusion of the unambiguous meaning of the statute is correct.'" *Id.* at 16 (quoting *Harrison-Solomon*, 442 Md. at 265 n.6). The interpretation of a statute is an issue of law, which we review *de novo*. *Id.*

11

In *Dakrish, LLC v. Raich*, 209 Md. App. 119 (2012), *cert. denied*, 431 Md. 221 (2013), this Court noted that Article 2B, § 16-101, does not define the term "aggrieved." Black's Law Dictionary, however, defines "aggrieved" as a person "having legal rights that are adversely affected." BLACK'S LAW DICTIONARY 73 (8th ed. 2004). *See Phillips*, 210 Md. App. at 260 (looking to dictionary definition to assist in the determination of a statutory term). The Court of Appeals also has addressed the general meaning of the term, stating that, to be "aggrieved" for purposes of judicial review of administrative decisions, "a person ordinarily must have an interest such that he is personally and specifically affected in a way different from . . . the public generally." *Sugarloaf Citizens' Ass'n v. Dep't of Env't*, 344 Md. 271, 288 (1996). *Accord Dakrish*, 209 Md. App. at 136 n.1.

Mr. Patel asserts that he satisfies the requirement that he be "aggrieved" because he is an alcoholic beverage license holder in the same community in which a new license was issued, which will deleteriously affect his business in a manner different from the public at large. We were presented with a similar contention in *Dakrish*.

In that case, Ran Raich, on behalf of The Wine Loft, submitted an application to the Board of Liquor License Commissioners for Baltimore County for the issuance of a Class A beer and wine license. 209 Md. App. at 121. Dakrish, LLC t/a Vineyards Elite, a liquor licensee located approximately one mile from Mr. Raich's proposed location, appeared at the hearing and opposed issuance of the license, arguing that an additional licensee in the immediate area would cause Vineyards Elite's business to suffer. *Id.* at 121, 127. After the board denied the application, Mr. Raich, who clearly was aggrieved, appealed to the circuit court, and Vineyards Elite participated in the circuit court hearing. *Id.* at 127. The

circuit court reversed the board's denial of Mr. Raich's liquor license and remanded to the board with instructions to issue the license. *Id.* at 121.

Vineyards Elite appealed the circuit court's reversal of the licensing board's decision to this Court. *Id.* Mr. Raich argued that the appeal should be dismissed because Vineyards Elite was not an "aggrieved" party with standing to seek judicial review of the board's decision because the only harm Vineyards Elite claimed it might suffer as a result of the issuance of a license to Mr. Raich was "a possible competitive injury," which "does not make it an 'aggrieved' party." *Id.* at 133. We were not persuaded.

We ultimately resolved that case on an issue not relevant to the issue presented here. We held that the plain language of Art. 2B, § 16-101(f), which governs "Appeals to the Court of Special Appeals or Court of Appeals," conferred standing on Vineyards Elite because it was a "party of record to the appeal," and that particular statutory provision, governing appeals to this Court, did not require a party to be "aggrieved." *Id.* at 139.[7] Accordingly, dismissal was not warranted. *Id.*

We recognized in *Dakrish*, however, that the statute governing appeals to the circuit court from the board's decision, the statute at issue here, does require that a party be aggrieved. *Id.* at 136. Given our resolution of that case, we did not need to address whether

---

[7] That section provides:

(f) *Appeals to Court of Special Appeals or Court of Appeals.* – (1) Notwithstanding any other provision of law, any party of record to an appeal of a decision of a local licensing board to the circuit court may appeal the decision of the circuit court:
    (i) To the Court of Special Appeals.

Vineyards Elite was "aggrieved" due to the economic impact the issuance of the additional license would have on this business. In a footnote, however, we stated that we were inclined to agree with the argument that Vineyards Elite was aggrieved because its business would be deleteriously affected by the issuance of the license, in a way different from the public at large. *Id.* at 139 n.5. We explained:

> [T]o be aggrieved for purposes of judicial review, one must have an interest "'such that he is personally and specifically affected in a way different from . . . the public generally.'" *Sugarloaf*, 344 Md. at 288 (quoting [*Med. Waste Assoc. v. Md. Waste Coalition, Inc.*, 327 Md. 596, 611 (1992)]. Here, if an additional liquor license was granted in the immediate geographical area, Vineyards Elite, a nearby licensee, risked a direct effect to its business, increased competition, and a possible decrease in its sales. *See Jordan Towing, Inc. v. Hebbville Auto Repair, Inc.*, 369 Md. 439, 442 (2002) (issuance of an additional towing license in the same vicinity where the protestants alone held licenses was sufficient standing to challenge the additional license as aggrieved parties because the protestants' businesses were directly affected and suffered special damages different in kind from that suffered by the general public).

*Id.* Because the above language was not necessary to the holding of the case, however, it was *dicta*.

In this case, where we are directly confronted by the issue, we adopt the reasoning set forth in *Dakrish* and hold, for the reasons set forth below, that an alcoholic beverage licensee can satisfy the requirement that he or she is "aggrieved," sufficient to confer standing to challenge a decision by a licensing board to issue a liquor license to a nearby business, by a showing of the likelihood of economic harm due to increased competition.

The circuit court, in finding that Mr. Patel was not aggrieved, and therefore did not have standing to challenge the Board's action in circuit court, looked to "zoning and land use cases." The court noted that, in judicial challenges in those types of cases, a property

14

owner is deemed to be *prima facie* aggrieved if he or she is a nearby property owner, but others who lack sufficient proximity must demonstrate specific injury. The circuit court then analogized this case to these zoning cases and found that Mr. Patel, who testified that he was one-to-two miles away from Somers Cove, lacked sufficient proximity to qualify as presumptively aggrieved. Although counsel had argued that having another nearby Class A license would affect Mr. Patel's business, the court found that to be insufficient and stated that Mr. Patel had to show a specific injury by the issuance of the license to have standing to seek judicial review of the Board's action.

The circuit court's statement that, in zoning cases, a property owner is deemed to be *prima facie* aggrieved if he or she is a nearby property owner, but others who lack sufficient proximity must demonstrate specific injury, was a correct recitation of the law. *See State Center, LLC v. Lexington Charles Ltd. P'ship*, 438 Md. 451, 528-30 (2014). *Accord A Guy Named Moe, LLC v. Chipotle Mexican Grill of Colorado, LLC*, 447 Md. 425, 508 (2016). Moreover, we note that, in the analysis of standing in zoning cases, the Maryland appellate courts repeatedly have held that a challenge based on harm from economic competition is not sufficient to show that a person is aggrieved for standing purposes. *See A Guy Named Moe*, 447 Md. at 452-53; *State Center*, 438 Md. at 576; *Superior Outdoor Signs*, 150 Md. App. at 500-01. We conclude, however, that interests to be protected in zoning matters are different from those relating to the Maryland alcoholic beverage laws, and therefore, a different analysis regarding standing is appropriate.

As this Court has noted, "[i]t is not the function of county zoning ordinances to provide economic protection for existing businesses." *Superior Outdoor Signs, Inc.*, 150

15

Md. App. at 501. The alcoholic beverages laws, by contrast, do address competition and specifically require the Board to consider, in determining whether to issue a license, "the number and location of existing licensees and the potential effect on existing licensees of the license applied for." Art. 2B, § 10-202(a)(2)(i)(2).

Indeed, a review of the legislative history of Art. 2B § 16-101(b) makes clear that it was the intent of the General Assembly that nearby businesses holding liquor licenses had standing to challenge the issuance of a new license. In *Edgewater Liquors, Inc. v. Liston*, 349 Md. 803, 805-06 (1998), the Court of Appeals addressed whether existing alcoholic beverage license holders had standing to challenge the issuance of a new license by a local board in the context of statutory language providing that "any licensee or applicant for a license" could appeal from a local licensing board decision. The Court stated that, "by grouping the term 'applicant' with 'licensee,' the legislature intended to limit the types of licensees who had the right to appeal a decision of the board to those whose license or application for a license was the subject of local liquor board action." *Id.* at 809. Accordingly, the Court held that the term "licensee" referred "to the person whose license was involved in a local licensing board's decision from which judicial review in the circuit court is sought," and therefore, appellants, holders of existing alcoholic beverages licenses, were not entitled to appeal the decision of the licensing board to the circuit court." *Id.* at 811.

In response to this decision, the General Assembly, in 2000, changed the statute to include the current language, which expressly states that any alcoholic beverages licensee, who appeared at the hearing and was aggrieved by the decision of the Board, is authorized

16

to appeal. The Court of Appeals subsequently cited this change to the statute as an "example of the legislature reacting to [its] cases," and the Court interpreted the change as "expressly granting standing to challenge board decisions to holders of existing licenses." *Plein v. Dep't of Labor*, 369 Md. 421, 434 n.5 (2002).

The interpretation of the Court of Appeals is supported by the legislative history. The Fiscal Note accompanying the bill introducing the statutory change stated that it sought "to clarify that the holders of existing licenses would have standing to appeal local licensing board decisions not related to their own licenses." S.B. 499 Fiscal Note (Apr. 18, 2000) (cross-filed H.B. 504). It specifically noted the effect on small businesses, as follows:

> To the extent that they utilize their right to appeal and are successful when doing so, holders of existing licenses would have the ability to affect the issuance and renewal of alcoholic beverage licenses in the jurisdiction of their local licen[s]ing boards. Through this process, small business licensees could have an impact on the numbers and types of licensed establishments that surround their businesses, and therefore, could affect local competition. New small business owners wishing to acquire an alcoholic beverage license may face additional obstacles.

Thus, the legislative intent is clear. The General Assembly intended that existing license holders can challenge the issuance of another alcoholic beverages license to a nearby business that could adversely affect his or her business.

To be sure, the addition of the requirement that a person be aggrieved limits the class of persons who have standing. Accordingly, a license holder must show that he or she "is personally and specifically affected" by the issuance of a new license to have standing. *Sugarloaf*, 344 Md. at 288. Here, Mr. Patel satisfied that requirement.

17

The record reflects that Mr. Azam was issued a Class A beer and wine license for his convenience store in Crisfield, the same type of license Mr. Patel holds for his business, one to two miles away. Both convenience stores drew patrons from the same geographic area. Prior to the issuance of the license to Somers Cove, there were five such licenses in Crisfield, a small municipality. This record was sufficient to show that the addition of an additional Class A licensee in the immediate vicinity would adversely affect Mr. Patel's business, causing him to suffer economic damages different from that of the general public. Accordingly, Mr. Patel had standing to challenge the license as an aggrieved party.[8]

The circuit court erred in finding that Mr. Patel had to show specific, actual harm from the issuance of the license to show that he was aggrieved. As Mr. Patel notes, in the typical case, a person appealing the decision to issue an alcoholic beverages license to a nearby competitor will not have, in the limited time frame in which an appeal will be heard, specific data in the form of sales lost. Accordingly, to establish that he or she is aggrieved by the issuance of a license to a nearby competitor, the existing licensee need only demonstrate the likelihood of harm due to increased competition. Because Mr. Patel

---

[8] In most cases, it would be wiser for a licensee to offer more evidence in support of his or her claim that he or she would suffer economic harm due to competition from a nearby business. In this case, however, where the board conceded that Mr. Patel had standing and questioned the need for Mr. Patel to introduce any evidence on the issue of standing, we conclude that there was a sufficient showing that Mr. Patel was aggrieved by the Board's decision.

satisfied this requirement, the circuit court erred in dismissing the petition for judicial review.[9]

**JUDGMENT OF THE CIRCUIT COURT FOR SOMERSET COUNTY VACATED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO CONSIDER THE MERITS OF THE PETITION FOR JUDICIAL REVIEW. COSTS TO BE PAID BY APPELLEE.**

---

[9] Given our holding in this case, we will not address Mr. Patel's argument that the circuit court erred when it failed to find that the evidence submitted with his motion for reconsideration, specifically his tax returns indicating "that his sales were off by 40% since the issuance of an alcoholic beverage license to" Mr. Azam, demonstrated actual pecuniary loss.